IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00669-PSF-PAC

JIM TATUM,

    Plaintiff,

v.

HAROLD D. (HAL) SIMPSON;
STEVEN J. WITTE;
HENRY DANIEL (DANNY) MARQUEZ;
JOHN SUTHERS;
TANYA T. LIGHT;
JOHN J. CYRAN;
PAUL L. BENINGTON;
DENNIS MAES; and
DAN CORSENTINO,

    Defendants,

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE ENTERED OCTOBER 17, 2005

    This matter comes before the Court pursuant to the Recommendation of Magistrate Judge Coan entered on October 17, 2005 (Dkt. # 72). In her Recommendation, the Magistrate Judge recommends granting the Amended Motion to Dismiss (Dkt. # 30), filed July 25, 2005 by all defendants other than Defendant Corsentino, and recommends granting the Motion for Summary Judgment (Dkt. # 23), filed by Defendant Corsentino on July 11, 2005.

    In her report, the Magistrate Judge also recommends denial of: (1) Plaintiff's Motion for Preliminary Injunction (Dkt. # 8), filed June 13, 2005; (2) Plaintiff's Motion for Leave to Amend Motion for Preliminary Injunction and Plaintiff's First Amended

Request for Injunction (Dkt. # 20), both filed July 5, 2005; (3) Plaintiff's Motion for Summary Judgment (Dkt. # 39), filed August 4, 2005; and (5) Plaintiff's Verified Motion for Evidentiary Hearing (Dkt. # 55), filed August 22, 2005.

Plaintiff timely filed his Objection to the Recommendation of the Magistrate Judge on November 2, 2005 (Dkt. # 74).  Defendant Corsentino filed his response to the Objection on November 11, 2005.

For the reasons set forth below, plaintiff's Objection is OVERRULED and the Recommendation of the Magistrate Judge is accepted.

**BACKGROUND**

The underlying facts that give rise to plaintiff's filing of this case under 42 U.S.C. § 1983 are adequately detailed in the Recommendation of the Magistrate Judge and need not be detailed here.  Suffice it to say that plaintiff suffered an adverse ruling in a water court case brought against him in Colorado State Court, over which Defendant Judge Dennis Maes presided and which was prosecuted under the authority of the individual defendants, other than Defendant Corsentino, who are state and county officials charged with enforcement of state water laws.  When plaintiff refused to comply with orders issued by Judge Maes, he was found in contempt and subject to two days of confinement in the Pueblo County Jail.  Defendant Corsentino was the sheriff of Pueblo County at the time.  Plaintiff's appeal of the water court case is still pending before the Colorado Supreme Court.

**PLAINTIFF'S CLAIMS**

Plaintiff, a lawyer licensed in Colorado, filed this case *pro se* on April 12, 2005. He alleges, in numerous paragraphs of a rambling complaint, essentially that the

proceedings in the water court case were improperly conducted, and that his subsequent confinement violated his constitutional rights.  As found by the Magistrate Judge, plaintiff is apparently alleging claims against the individual defendants, other than Defendant Corsentino, in both their individual and official capacities, for malicious prosecution, deprivation of property, submitting perjured testimony and false evidence, all allegedly in violation of his Fifth and Fourteenth Amendment Due Process rights under the United States Constitution.  Plaintiff also alleges that the prosecution of the water case was taken in retaliation for plaintiff's criticism of the public officials, thus apparently alleging a violation of plaintiff's First Amendment right to free speech.  Liberally construing his filings, plaintiff is alleging against Defendant Corsentino, in both his individual and official capacities, a claim for deliberate indifference to his medical needs while incarcerated, allegedly in violation of 42 U.S.C. § 1983 as violations of his rights under the Eighth and Fourteenth Amendments.

**DEFENDANTS' MOTIONS**

The defendants, other than Corsentino, filed their motion to dismiss under Rule 12(b(6), F.R.Civ.P., asserting a failure to state a claim based on the qualified immunity that attaches to their conduct as state officials.  The Magistrate Judge recommends granting the motion to dismiss on a ground not asserted by the defendants, namely that the *Rooker-Feldman* doctrine prohibits this Court from exercising jurisdiction over plaintiff's claims because such claims are inextricably intertwined with the state water court proceeding.

Defendant Corsentino filed his motion under Rule 56, F.R.Civ.P., asserting that he was entitled to summary judgment on plaintiff's § 1983 claim against him.

The Magistrate Judge agreed, finding that plaintiff adduced no evidence to show that Defendant Corsentino took any action to intentionally deprive plaintiff of his constitutional rights to medical treatment while incarcerated, or that there was a policy at the Pueblo County Jail that made such alleged conduct official policy for which Sheriff Corsentino might be liable.

**ANALYSIS**

<u>The Application of the *Rooker-Feldman* Doctrine</u>

As the Magistrate Judge correctly found, the *Rooker-Feldman* doctrine establishes a jurisdictional bar that precludes this Court from exercising subject matter jurisdiction over this case. *See Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir. 2004). Even if not raised by defendants, it is mandatory for this Court to raise the issue *sua sponte* as "subject matter jurisdiction is integral to our power to hear any case." *Id.*; *see also* F.R.Civ.P. 12(h)(3).

Under the *Rooker-Feldman* doctrine, this Court may not review claims that are inextricably intertwined with a state court judgment. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 483 n.16 (1983). As stated in *Crutchfield, supra*, the *Rooker-Feldman* doctrine "prohibits a party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." 389 F.3d at 1147, quoting cases. As further taught in *Crutchfield* and the cases leading up to it*,* to determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, the federal court must pay close attention to the relief the plaintiff seeks. *Id.* at 1147-48. Where a plaintiff seeks a remedy that would

"disrupt or undo" a state court judgment, the federal claim is inextricably intertwined with the state court judgment. *Id.* at 1148.

The Magistrate Judge correctly found that plaintiff's claims here, although couched in alleged violations of his Fifth and Fourteenth Amendment rights, are essentially claims that seek to "disrupt or undo" the state water court judgment. Although plaintiff's claims for relief are not neatly packaged into one prayer for relief as found in most complaints, it is noted that plaintiff requests this Court "for an immediate order to Defendants to restore Plaintiff's water and not interfere with its use." Complaint at 12.  Plaintiff also asserts that the action taken by defendants constitutes a taking and appropriation of private property contrary to law, and requests this Court to restore his property to him.  Complaint at 13.  Plaintiff also requests an "order whereby the evidence of the headgate and wastegate is not changed, tampered with or removed until the facts and evidence can be viewed by the Sheriff of Las Animas County, or any disinterested observer to report the truth to this Court." *Id.*  To this Court, this looks like a request for a protective order more appropriately addressed to the state court charged with weighing the evidence and underlying legal issues.

In addition, plaintiff's Objection reinforces the conclusion of the Magistrate Judge that plaintiff is seeking a remedy to disrupt or undo the state court judgment.  In his Objection plaintiff argues that false claims were presented in the state court case, that due process was denied by the presentation of false evidence of water usage, and by the court's ruling that plaintiff violated C.R.S. § 37-84-112 (Plaintiff's Objection at 4). Such contentions directly challenge the correctness of the state water court judgment.

5

Plaintiff's First Amendment claim, liberally construed by the Magistrate Judge to be a claim that certain defendants initiated the water court proceeding in retaliation for, and to chill, plaintiff's speech about illegal activity, also seeks as relief acts that undo or disrupt the state court judgment. *See* Recommendation at 12. While this Court does not necessarily agree that plaintiff has even stated a § 1983 claim for violation of the First Amendment, the relief requested, namely restoration of plaintiff's water plus damages for lost use of that water (Complaint at 6), is inextricably intertwined with the state water court case.

Accordingly, this Court finds that the *Rooker-Feldman* doctrine bars this Court from exercising jurisdiction over plaintiff's claims against the defendants other than Corsentino, and therefore such claims must be dismissed.

<u>Plaintiff's Claims Against Defendant Corsentino</u>

Unlike the other defendants, Defendant Corsentino moves for summary judgment on the claims against him. He submitted an affidavit stating that he was not aware of plaintiff's detention at the Pueblo County Jail, that he had no contact with the plaintiff regarding the detention, and that he had no contact with any of plaintiff's relatives or acquaintances regarding plaintiff's incarceration. Affidavit of Corsentino at ¶¶ 10, 11, Exhibit A2 to Motion for Summary Judgment. He further states that he was not actively or directly involved in the supervision of any officer, employee or appointee of the Pueblo County Detention Facility who was caring for, treating or supervising plaintiff, nor did he actively of deliberately instruct or omit instructions for the care, treatment or supervision of plaintiff. *Id.* at ¶¶ 12,13.

In response to the motion for summary judgment, plaintiff submitted a "sworn response" which this Court will treat as if it were an affidavit, together with an affidavit from plaintiff's wife, Ann Tatum, Exhibit A to Response to Motion for Summary Judgment. Plaintiff's sworn response does not contain any statement that plaintiff had direct contact or any communication with defendant Corsentino regarding his medical condition. Although the sworn response states that "[i]t cannot be truthfully denied" that Defendant Corsentino "was given oral notice of the medications and treatment medically necessary for Plaintiff" (Sworn Response at 3-4), plaintiff has offered no admissible evidence to actually support this assertion as an affirmative statement of fact. The affidavit by Mrs. Tatum is more direct. It states "I never spoke personally to Sheriff Dan Corsentino, but was referred to, staff and/or other Pueblo County Sheriff personnel." Affidavit of Ann Tatum at 2, Exhibit A to Plaintiff's Sworn Response. On this record the Magistrate Judge correctly found that there was no evidence to show that Defendant Corsentino knew about plaintiff's need for prescribed medication or medical treatment during plaintiff's detention. As the Magistrate Judge correctly stated at page 18 of the Recommendation, personal participation in a constitutional deprivation must be shown in order for a defendant to have liability under 42 U.S.C. § 1983. *See Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.").

Nor may Sheriff Corsentino be held personally liable under the doctrine of *respondeat superior. Gagan v. Norton*, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994). As the Tenth Circuit also stated in *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir.

1996), "[s]upervisor status alone is insufficient to support liability, [citation omitted] . . . ; a supervisor is not liable under § 1983 for the actions of a subordinate unless an 'affirmative link' exists between the constitutional deprivation and either the supervisor's personal participation or his failure to supervise, [citation omitted] . . . ." Plaintiff has submitted no evidence to meet this requirement.

Accordingly, summary judgment must enter for Defendant Corsentino on plaintiff's claims against him in his individual capacity.

To the extent plaintiff seeks to assert a claim against Sheriff Corsentino in his official capacity as the representative of the Pueblo County Board of County Commissioners, the claim depends on the existence of a county custom or policy to deprive inmates of medical treatment, or actions of a county official who has final policy making authority on such matters.  Here, plaintiff has not alleged, nor has he offered any evidence of such an unconstitutional custom or policy, or that Sheriff Corsentino, as the final policymaker, instituted such a policy or acted with deliberate indifference to his medical needs.  Accordingly, any claim against Defendant Corsentino in his official capacity is subject to summary judgment.

**CONCLUSION**

Plaintiff's Objection to the Recommendation of the Magistrate Judge (Dkt. # 74), filed on November 2, 2005 is OVERRULED.

For the above stated reasons, Defendants' Amended Motion to Dismiss (Dkt. # 30), filed on July 25, 2005 by all defendants other than Defendant Corsentino, is GRANTED, and plaintiff's claims against these defendants are dismissed with prejudice.

Defendant Corsentino's Motion for Summary Judgment (Dkt. # 23), filed by Defendant Corsentino on July 11, 2005, is GRANTED.

Plaintiff's Motion for Preliminary Injunction (Dkt. # 8) filed June 13, 2005, Plaintiff's Motion for Leave to Amend Motion for Preliminary Injunction and Plaintiff's First Amended Request for Injunction (Dkt. # 20) both filed July 5, 2005, Plaintiff's Motion for Summary Judgment (Dkt. # 39) filed August 4, 2005 and Plaintiff's Verified Motion for Evidentiary Hearing (Dkt. # 55) filed August 22, 2005, are DENIED.

Pursuant to Rule 54(d)(1), F.R.Civ P., defendants are awarded costs against plaintiff and any such costs maybe taxed in accordance with the rule.  The Clerk of the Court is directed to enter judgment accordingly.

DATED: November 14, 2005

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge