IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00669-PSF-PAC

JIM TATUM,

    Plaintiff,

v.

HAROLD D. (HAL) SIMPSON;
STEVEN J. WITTE;
HENRY DANIEL (DANNY) MARQUEZ;
JOHN SUTHERS;
TANYA T. LIGHT;
JOHN J. CYRAN;
PAUL L. BENINGTON;
DENNIS MAES; and
DAN CORSENTINO,

    Defendants,

## ORDER DIRECTING FURTHER BRIEFING

By Order entered November 9, 2006, following the remand by the United States Court of Appeals for the Tenth Circuit Court of the claims against defendants other than Defendant Corsentino (Dkt. # 83), this Court directed these other defendants to advise the Court no later than November 30, 2006 of any other recent developments, facts, issues or arguments not included in their previously filed Amended Motion to Dismiss, that defendants now advance in support of the previously filed motion (Dkt. # 84).

In its Order and Judgment, the Tenth Circuit in Case No. 05-1549 affirmed aspects of this Court's Order that had been entered on November 14, 2005 (Dkt. # 76) that adopted the Recommendation of the Magistrate Judge as to several motions then

pending before this Court, but reversed in part and remanded to this Court that portion of this Court's Order that found that the *Rooker-Feldman* doctrine barred the plaintiff's claims against these defendants. In its opinion, the Tenth Circuit panel stated that the *Rooker-Feldman* doctrine was not applicable because "plaintiff's state water court case was pending in the Colorado Supreme Court when he filed his federal complaint." *Tatum v. Simpson, et al.*, 2006 WL 2831159 *1 (10th Cir., Oct. 5, 2006) (Dkt. # 83 at 3).

On November 30, 2006, the remaining defendants filed a Supplemental Motion to Dismiss (Dkt. # 85) and on December 15, 2006 Plaintiff filed his response to the supplemental motion (Dkt. # 87). Neither the supplemental motion nor the response advised the Court as to the status of plaintiff's water case that had been pending in the Colorado Supreme Court.

Nonetheless, this Court has now obtained the order of the Colorado Supreme Court entered in plaintiff's water case, *Tatum v. People of the State of Colorado, ex rel Simpson,* No. 04SA382, 122 P.3d 997 (Colo. 2005). In that order the Colorado Supreme Court affirmed the decision of the water court, District Court, Water Division 2, that Tatum was in violation of C.R.S. § 37-84-112(1), and that the record clearly indicated that although a headgate was present at the point of diversion, it nonetheless failed to serve its function to control the inflow of water at all ordinary stages, and therefore the record amply supported the water court's conclusion.

Given the above-referenced decision of the Colorado Supreme Court, the parties are now directed to file simultaneous briefs no later than February 14, 2007, addressing whether the decision of the Colorado Supreme Court in *Tatum v. People of*

*State of Colorado, supra,* constitutes *res judicata*, collateral estoppel, or otherwise affects resolution of this case.

DATED:  January 29, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge