IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00669-PSF-KLM

JIM TATUM,

      Plaintiff,

v.

HAROLD D. (HAL) SIMPSON;
STEVEN J. WITTE;
HENRY DANIEL (DANNY) MARQUEZ;
JOHN SUTHERS;
TANYA T. LIGHT;
JOHN J. CYRAN;
PAUL L. BENINGTON;
DENNIS MAES;

      Defendants.

---

## ORDER ON DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS

---

This matter comers before the Court on defendants' Supplemental Motion to Dismiss (Dkt. # 85), filed November 30, 2006, and defendants' supplemental brief filed February 26, 2007 (Dkt. # 93). A discussion of the procedural background of this case will help put these motions in perspective.

**PROCEDURAL BACKGROUND**

This matter is presently before this Court following an Order and Judgment of the United States Court of Appeals for the Tenth Circuit issued in *Tatum v. Simpson, et al.*, 2006 WL 2831159 *1 (10th Cir., Oct. 5, 2006), in which the panel directed a partial

remand of this case to the district court.  The mandate of the Circuit was issued

October 27, 2006 (Dkt. # 83).

In its Order and Judgment, the panel affirmed aspects of this Court's Order of

November 14, 2005 (Dkt. # 76) that adopted the Recommendation of the Magistrate

Judge as to several motions then pending before this Court.  The panel, however,

reversed in part and remanded to this Court that portion of this Court's Order which had

granted the Amended Motion to Dismiss filed on July 25, 2005 by Defendants Harold

Simpson, Steven Witte, Danny Marquez, John Suthers, Tanya Light, John Cyran, Paul

Benington, and Dennis Maes ("remaining defendants") (Dkt. # 30) on the grounds of

the *Rooker-Feldman* doctrine.  In its opinion, the Tenth Circuit panel stated that the

*Rooker- Feldman* doctrine was not applicable because "plaintiff's state water court case

was pending in the Colorado Supreme Court when he filed his federal complaint."

*Tatum v. Simpson, et al.*, *supra*, 2006 WL 2831159 at *1 (Dkt. # 83 at 3).  The Tenth

Circuit panel remanded the case with instructions that this Court conduct further

proceedings in accordance with its Order.

Following remand this Court reviewed the Amended Motion to Dismiss filed by

the above-named remaining defendants and noted that it set forth grounds for dismissal

of plaintiff's complaint other than the *Rooker-Feldman* doctrine.  Those other grounds

were not addressed by either the Magistrate Judge, this Court or the Tenth Circuit.

Given the passage of time since the Amended Motion to Dismiss had been filed,

and in order to efficiently address all the issues in one order, this Court directed the

defendants to advise the Court no later than November 30, 2006 of any other recent

developments, facts, issues or arguments not included in the Amended Motion to
Dismiss, that defendants advance in support of the previously filed motion (Order After
Remand, Dkt. # 84, entered November 9, 2006).

On November 30, 2006, the remaining defendants filed a Supplemental Motion
to Dismiss (Dkt. # 85) and on December 15, 2006 plaintiff filed his response to the
supplemental motion (Dkt. # 87).  Neither the defendants' supplemental motion nor the
plaintiff's response advised this Court as to the status of plaintiff's water case that had
been pending in the Colorado Supreme Court.

Nonetheless, this Court obtained and reviewed the order of the Colorado
Supreme Court entered on November 7, 2005 on plaintiff's appeal of the water case,
*Tatum v. People of the State of Colorado, ex rel Simpson,* 122 P.3d 997 (Colo. 2005).
In that order the Colorado Supreme Court affirmed the decision of the water court,
District Court, Water Division 2, that Tatum was in violation of C.R.S. § 37-84-112(1),
and found that the record clearly indicated that although a headgate was present at the
point of diversion, it nonetheless failed to serve its function to control the inflow of water
at all ordinary stages, and therefore the record amply supported the water court's
conclusion.

Given the decision of the Colorado Supreme Court, this Court directed the
parties to file simultaneous briefs no later than February 14, 2007, subsequently
extended to February 26, 2007, addressing whether the decision of the Colorado
Supreme Court in *Tatum v. People of State of Colorado* constitutes *res judicata,*
collateral estoppel, or otherwise affects resolution of this case. The parties filed

simultaneous briefs on February 26, 2007.  The defendants' brief argues that as a

result of the decision in *Tatum v. People of State of Colorado*, plaintiff's claims are

barred by application of the doctrines of full faith and credit, collateral estoppel and *res*

*judicata* (Dkt # 93).  Plaintiff's response essentially argues the same matters presented

in his response to the supplemental motion to dismiss which he filed December 15,

2006 (Dkt. 87) and does not expressly address the preclusive effect of the Colorado

Supreme Court decision.

The underlying facts that give rise to plaintiff's filing of this case under 42 U.S.C.

§1983 were adequately detailed in the Recommendation of the Magistrate Judge and

need not be detailed here.  Suffice it to say that plaintiff suffered an adverse ruling in a

water court case brought against him in Colorado State Water Court over which

Defendant Judge Dennis Maes presided and which was prosecuted under the authority

of the individual remaining defendants who are state and county officials charged with

enforcement of state water laws.  When he refused to comply with orders issued by

Judge Maes, plaintiff was found in contempt and subject to two days of confinement in

the Pueblo County Jail.

**PLAINTIFF'S CLAIMS**

Plaintiff, a lawyer licensed in Colorado, filed this case *pro se* on April 12, 2005.

He alleges, in numerous paragraphs of a rambling complaint, essentially that the

proceedings in the water court case were improperly conducted and that his

subsequent confinement violated his constitutional rights.  As found by the Magistrate

Judge, plaintiff is apparently alleging claims against the individual remaining

4

defendants, in both their individual and official capacities, for malicious prosecution, deprivation of property, submitting perjured testimony and false evidence, all allegedly in violation of his Fifth and Fourteenth Amendment Due Process rights under the United States Constitution.  Plaintiff also appears to allege that the prosecution of the water case was furthered by Defendant Danny Marquez in retaliation for plaintiff's criticism of him and other the public officials, and not for meritorious reasons (Complaint, ¶ 7).  Plaintiff further alleges various misconduct by the presiding judge, Defendant Maes, including issuing orders that unconstitutionally took plaintiff's property, refusing plaintiff's right to prove perjury and holding plaintiff in contempt for refusing to obey the court's orders (*id.*, ¶ 13).

## DEFENDANTS' MOTIONS

The defendants, other than Corsentino, filed their Amended Motion to Dismiss under Rule 12(b)(6), F.R.Civ.P., asserting a failure to state a claim due to their qualified immunity that attaches to their conduct as state officials.  In their Supplemental Motion filed November 30, 2006 (Dkt. # 85), the remaining defendants reasserted their argument that they were protected by qualified immunity.  However, as noted above, in their recently filed brief the remaining defendants have also asserted the preclusive effect of the final decision in *Tatum v. People of State of Colorado*.

## ANALYSIS

This Court's Order in this action entered November 14, 2005 stated that under the *Rooker-Feldman* doctrine, this Court may not review claims that are inextricably intertwined with a state court judgment.  *District of Columbia Court of Appeals v.*

5

*Feldman,* 460 U.S. 462, 483 n.16 (1983).  The Court then conducted its analysis and found that plaintiff's claims in the instant case were inextricably intertwined with the issues and claims in the state court case.  In reaching this conclusion, this Court noted that although couched in alleged violations of his Fifth and Fourteenth Amendment rights, plaintiff's claims essentially seek to "disrupt or undo" the state water court judgment.  Although plaintiff's claims for relief are not neatly packaged into one prayer for relief as found in most complaints, this Court noted that plaintiff requests "an immediate order to Defendants to restore Plaintiff's water and not interfere with its use." Complaint, ¶ 12.  Plaintiff also asserts that the action taken by defendants constitutes a taking and appropriation of private property contrary to law, and requests this Court to restore his property to him.  Complaint, ¶ 13.  Plaintiff also requests an "order whereby the evidence of the headgate and wastegate is not changed, tampered with or removed until the facts and evidence can be viewed by the Sheriff of Las Animas County, or any disinterested observer to report the truth to this Court."  *Id.*  To this Court, these claims relate to issues appropriately addressed to the state court charged with weighing the evidence and underlying legal issues in his water case.

In his response to defendants' Supplemental Brief on the preclusive effect of the Supreme Court decision, plaintiff further explains his claims, arguing: 1) that "it cannot be denied that [his water ditch] 'lacked' a headgate or in any way failed to comply with the state statute (Dkt. # 92 at 2);  2) that the testimony of Daniel Marquez, the Water Commissioner, which plaintiff purports to quote at length in his response brief, supported his position before the water court (*id.*); 3) that therefore the water court

6

erred when it ruled against him despite the Marquez testimony (*id.*); and 4) that

perjured testimony was used at his state court trial in violation of the Fourteenth

Amendment (*id.* at 3).  He further contends that "presentation of the false charges by

the prosecutors" violated his due process rights and that the trial judge's "ignoring and

attempting to cover up the false pleading constitutes" a due process violation (*id.* at 3).

Defendants argue that they are entitled to a dismissal based on qualified

immunity because plaintiff has alleged no specific constitutional deprivation, and he

also fails to set forth the specific conduct by the defendants he claims amounted to

a constitutional violation (Defendants' Supplemental Motion at 5).  They argue that

government officials performing discretionary functions generally are shielded from

liability for civil damages insofar as their conduct does not violate clearly established

statutory or constitutional rights of which a reasonable person would have known, and

that all the conduct alleged in plaintiff's complaint is discretionary, despite plaintiff's

unsupported assertion that some of Defendant Marquez's actions were "ministerial"

(*id.* at 6-7).  They further argue that "no reasonable public official faced with this

situation would agree that the conduct complained of was [un]constitutional."  (*id.* at 7).

This Court agrees that the allegations made by plaintiff are so vague and

unspecific that they do not meet the requirement that a plaintiff must allege the violation

of a constitutional right that was "clearly established" such that a reasonable official

would understand that what he is doing violates that right.  *See Albright v. Rodriguez*,

51 F.3d 1531, 1535 (10th Cir.1995) quoting *Anderson v. Creighton*, 483 U.S. 635, 640

(1987).  Plaintiff's complaint reads more like an appeal of the decision of the state

7

water court than an independent action alleging violation of his civil rights.  As such,

this Court also finds that plaintiff's claims are precluded by the decision of the Colorado

Supreme Court under the doctrines of collateral estoppel.

Under the Full Faith and Credit statute, 28 U.S.C. § 1738, federal courts are

required to give a state court judgment the same preclusive effect under the doctrine of

collateral estoppel as the state rendering the judgment would have given it.  *Hawkins v.*

*C.I.R.*, 86 F.3d 982, 986 (10th Cir. 1996).  In determining whether a state court

judgment has preclusive effect, the federal court applies the issue preclusion principles

of the state rendering the judgment (*id.* at 986-87).  Under Colorado law, collateral

estoppel bars relitigation of an issue if: (1) the issue is identical to that actually and

necessarily adjudicated in a prior proceeding; (2) the party against whom estoppel is

asserted was a party or in privity with a party in the proceeding; (3) there was final

judgment on the merits; and (4) the party against whom estoppel is asserted had a full

and fair opportunity to litigate the issue in the prior proceeding.  *City of Thornton v Bijou*

*Irrigation Co.*, 926 P.2d 1, 82 (Colo. 1996).

Here the issues that plaintiff seeks to raise in this civil rights case are identical to

the issues raised and decided against him in the state court proceeding, namely

whether the state court erred in holding him in violation of the state statute, whether

perjured testimony tainted the state court case, whether the state officials had reason to

charge plaintiff with the water offenses, and whether the state court judge was biased

against plaintiff.  The Colorado Supreme Court reached a final decision on the merits of

these issues adverse to plaintiff here, who was the defendant in the state case.  He had

a full and fair opportunity to litigate the issues in the state court.

The Supreme Court's opinion in *Tatum v. People of State of Colorado, supra*,

plainly states that it considered whether there was sufficient evidence to find that

plaintiff failed to maintain a suitable and proper headgate at the point of diversion from

the Purgatoire River into the Delores Duran Ditch, and concluded that the evidence

in the record was sufficient to support the water court's findings.  122 P.3d at 997.

The Supreme Court also expressly considered the testimony of the state water

commissioner, Defendant Marquez, which plaintiff now urges supported his position,

stating that:

> The water commissioner testified that he inspected Tatum's
> headgate and observed that it failed to control the water
> flowing around it because it was situated in a swamp area.
> The water commissioner stated that water flowed around the
> headgate for a distance of 75 yards and that Tatum
> acknowledged this problem and agreed to correct it by
> installing a suitable wastegate.

122 P.3d at 999.  The Supreme Court found that this testimony, along with that of other

state witnesses, supported the finding that the situation violated the applicable state

statute.  *Id.*

Moreover, although the Supreme Court did not make express rulings on other

issues raised in this case, the plaintiff had the opportunity to raise the arguments in the

state court and in fact presented them to the Colorado Supreme Court.  This Court

notes that in his opening brief to the Colorado Supreme Court, plaintiff (appellant there)

argued the asserted bias of Defendant District Judge Maes stating that:

9

> [A] judge must be free of all taint of bias and partiality and
> must avoid any appearance of partiality or of impropriety.
> In the instant case, the judge of the Trial Court exercised
> and demonstrated bias and partiality against Tatum, refused
> to consider uncontroverted evidence, refused to hear
> evidence of perjury, and refused to have any independent
> inspection of the subject sites.  The Trial Court allowed and
> helped Engineers to deprive Tatum of his water and to
> cause damages to Tatum.

Appellant's Opening Brief, 2005 WL a2211398 at *13.  The Colorado Supreme Court

implicitly rejected this argument.  Plaintiff also advanced his argument that the charges

brought against him were based on false testimony, stating in his opening brief:

> Engineers' July 9, 2003 order was based on untruths
> and was completely false.  Engineers and Commissioner
> Marques brought false charges against Tatum and filed
> false pleadings based on untruths.  Said acts by Engineers
> and Marques were deliberate, willful, wrongful, malicious,
> wanton, caused and continue to cause Tatum the loss of the
> use of Tatum's rightful water by their wrongful interference,
> caused Tatum to suffer irreparable damage to Tatum's hay
> crops, grazing pastures, his ability to raise crops, immediate
> and future loss to his livestock, damage to Tatum's
> equipment, and damage to Tatum's person.

*Id.* at 14.  Again the Colorado Supreme Court rejected this argument.  Furthermore, to

the extent plaintiff argues that he was wrongfully held in contempt for disobeying the

state court's orders, the plaintiff apparently took no appeal of those orders.[1]

---

[1]  In a disciplinary proceeding subsequently brought against plaintiff, a registered
attorney in Colorado, the disciplinary judge accepted a Conditional Admission of Misconduct
and entered a finding that plaintiff "knowingly violated several orders of the Water Court
pertaining to his request for a ruling concerning the language of a water decree and caused
that court to engage in protracted proceedings to address his disobedience."  *People v. Tatum*,
2006 WL 1073031 at *1 (Colo., March 30, 2006).

Thus, this Court is satisfied that plaintiff had a full and fair opportunity to litigate in the State court the very issues he seeks to raise in this case.  The Colorado Supreme Court heard and receive the arguments, but ruled against plaintiff on these issues.  As the Colorado Supreme Court decided an issue of fact or law necessary to its judgment, relitigation of that issue is precluded.  *Robinson v. Volkswagenwerk AG,* 56 F.3d 1268, 1272 (10th Cir. 1995), *cert. denied*, 516 U.S. 1045 (1996).

Accordingly, the Court finds that plaintiff's complaint must be dismissed both on the ground that he is barred by the doctrine of collateral estoppel from asserting these claims in federal court, and for the reason that defendants have applicable qualified immunity from the claims asserted against them.

**CONCLUSION**

Defendants' Supplemental Motion to Dismiss (Dkt. # 85), filed November 30, 2006, is GRANTED.  Plaintiff's complaint is DISMISSED WITH PREJUDICE.

DATED:  October 1, 2007

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge